ATLANTIC COAST LINE RAILROAD COMPANY, a Corporation, *Plaintiff in Error,* v. ELIZABETH MISH, Widow of H. Hall Mish, Deceased, *Defendant in Error.*

Division A.

Opinion filed June 2, 1930.

*Kelly & Shaw,* for Plaintiff in Error.

*Huffaker & Edwards,* for Defendant in Error.

PER CURIAM.—In this case defendant in error secured a verdict and judgment against the plaintiff in error for the alleged wrongful death of her husband, the said death having resulted from a collision between a locomotive of the plaintiff in error and an automobile driven by the husband of the defendant in error at a grade crossing in Lake Hamilton, Florida.

Reversal is sought here because of certain charges given by the court, because of the refusal of the court to admit certain testimony and because the court overruled defendant's demurrer to count three of the declaration.

We have examined the record carefully and we think the cause of justice would be best served by granting a new trial. Some of the charges of the court were not warranted by the evidence and since the defendant failed to show the size and proportions of the locomotive as compared with the one that collided with and killed the deceased and also failed to show that the camera was so located as to fairly reproduce the objects photographed, it was not error to exclude from the jury the photograph offered in evidence and marked defendant's exhibit five. See generally S. A. L. v. Harmon, 99 Fla. 390, 126 So. R. 493.

The demurrer to the third count of the declaration should have been sustained because this count does not

sufficiently allege that the embankments and growth thereon were on the property of the defendant.

Reversed.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.